PER CURIAM.
 

 The State of Florida, Department of the Lottery, petitions this court for a writ of prohibition or certiorari. For the reasons set forth below, we deny the request for prohibition relief but grant the petition for writ of certiorari.
 

 Respondent Curcio holds a ticket which she contends entitles her to collect a prize of $500,000 from the Department. When her request for payment was denied, she brought suit in the Circuit Court for Leon County. The amended complaint seeks to recover damages under four causes of action: breach of contract (Count I), equitable estoppel (Count II), unfair and deceptive trade practices (Count III), and misleading advertising (Count IV).
 

 The Department argues that Curcio’s claims are barred by the doctrine of sovereign immunity and this court should issue a writ of prohibition, directing that the circuit court litigation be resolved in its favor for that reason. The trial court has not yet ruled on these defense theories and the petition, insofar as it seeks a writ of prohibition, is therefore denied.
 
 See Campbell v. Lungstrum,
 
 732 So.2d 437 (Fla. 1st DCA 1999).
 

 The Department also invokes this Court’s certiorari jurisdiction to review the trial court’s order of June 6, 2011, which granted Curcio’s motion to compel and denied the Department’s motions for protective order with regard to discovery. We find that the sovereign immunity de
 
 *932
 
 fense to Counts III and IV raises questions of law and can be resolved without resort to discovery. We also find that the court must rule on the sovereign immunity defense to Counts I & II before authorizing discovery on the merits of Curcio’s claims. The discovery ordered by the trial court is overbroad for this purpose. We grant certiorari and quash the trial court’s order of June 6, 2011. The trial court shall issue an amended order which authorizes only the discovery necessary to resolve the sovereign immunity defense to Counts III & IV.
 

 PETITION GRANTED IN PART AND DENIED IN PART.
 

 BENTON, C.J., HAWKES and RAY, JJ., concur.